# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

FILED
JUN 1 5 2000
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
   DEPUTY CLERK

U.S. COURT OF APPEALS
FILED
MAY 2 2 2000
CHARLES R. FULBRUGE III
CLERK

No. 99-51018
Summary Calendar

D.C. Docket No. A-98-CV-790-JN

LEA SECHLER; DAVID MURCHISON

       Plaintiffs - Counter Defendants - Appellants

  v.

RENT ROLL, INC; ET AL

       Defendants

REALPAGE, INC, doing business as Rent Roll, Inc

       Defendant - Appellee

WALDEN RESIDENTIAL PROPERTIES, doing business as Oak Ridge Apartments

       Defendant - Counter Plaintiff - Appellee

Case No. 99-51187

LEA SECHLER; DAVID MURCHISON;

       Plaintiffs - Counter Defendants - Appellants
and

TIM MAHONEY

       Appellant

  v.

RENT ROLL, INC; ET AL

       Defendants

REALPAGE, INC. doing business as Rent Roll, Inc

       Defendant - Appellee

WALDEN RESIDENTIAL PROPERTIES, doing business as Oak Ridge Apartments

       Defendant - Counter Plaintiff - Appellee

64

Appeals from the United States District Court for the
Western District of Texas, Austin.

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

J U D G M E N T

This cause was considered on the record on appeal and the briefs on file.

It is ordered and adjudged that the judgment of the District Court is affirmed in part and reversed in part, and the cause is remanded to the District Court for further proceedings in accordance with the opinion of this Court.

IT IS FURTHER ORDERED that each party bear its own costs on appeal.

ISSUED AS MANDATE: JUN 13 2000

OP-S-J-1

A true copy
Test
Clerk, U.S. Court of Appeals, Fifth Circuit
By _____
Deputy
New Orleans, Louisiana    JUN 13 2000

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

```
                                              U.S. COURT OF APPEALS
                                                    FILED

                                                  MAY 2 2 2000

                                              CHARLES R. FULBRUGE III
                                                       CLERK
```

No. 99-51018

Summary Calendar

LEA SECHLER; DAVID MURCHISON,
        Plaintiffs - Counter Defendants - Appellants,

v.

RENT ROLL, INC.; ET AL.,
        Defendants,

REALPAGE, INC., doing business as Rent Roll, Inc.,
        Defendant - Appellee,

WALDEN RESIDENTIAL PROPERTIES, doing business as
Oak Ridge Apartments,
        Defendant - Counter Plaintiff - Appellee.

---

Case No. 99-51187

LEA SECHLER; DAVID MURCHISON,
        Plaintiffs - Counter Defendants - Appellants,

and

TIM MAHONEY,
        Appellant,

v.

RENT ROLL, INC.; ET AL.,
        Defendants,

REALPAGE, INC., doing business as Rent Roll, Inc.,
        Defendant - Appellee,

WALDEN RESIDENTIAL PROPERTIES, doing business as
Oak Ridge Apartments,
        Defendant - Counter Plaintiff - Appellee.

---

Appeals from the United States District Court
For the Western District of Texas

(A-98-CV-790-JN)

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Plaintiffs sued defendants for violations of the Federal Fair Credit Reporting Act and the Texas Deceptive Trade Practices Act. The district court granted summary judgment to the defendants on all claims and awarded attorney fees to the defendants for the DTPA claims. We AFFIRM the summary judgments but REVERSE the attorney fee awards.

I

In 1997, the plaintiffs applied to rent an apartment from Walden Residential Properties d.b.a. Oak Ridge Apartments. In processing the application, Oak Ridge obtained a credit report from Realpage, Inc., d.b.a. Rent Roll, Inc. The credit report contained, among other things, information regarding three credit accounts belonging to the plaintiffs, either jointly or individually. One of these accounts had been more than 60 days late in the past. As a result of this, Oak Ridge denied the plaintiffs' rental application.

The plaintiffs protested to both Oak Ridge and Rent Roll that the credit history relied upon was inaccurate because it only included three credit accounts, whereas the plaintiffs' complete

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

credit history included more than twenty credit accounts. In response, Rent Roll did not update its credit report and Oak Ridge did not change its decision to deny the plaintiffs' application.

The plaintiffs sued Oak Ridge and Rent Roll in state court, alleging violations of the Federal Fair Credit Reporting Act[1] and the Texas Deceptive Trade Practices Act.[2] With regard to the FCRA, the plaintiffs alleged that Rent Roll's credit report was inaccurate and that Oak Ridge failed to provide the plaintiffs with the address of Rent Roll. With regard to the DTPA, the plaintiffs claimed that Rent Roll's practices were misleading and that Oak Ridge refused the plaintiffs' application in violation of its own stated criteria.

The defendants removed to federal court. The district court granted summary judgment on all claims in favor of the defendants and awarded attorney fees to the defendants for the DTPA claims, holding that the plaintiffs' claims were groundless.

II

The district court correctly held that the plaintiffs' FCRA claims had no legal basis. Under the FCRA, credit reporting agencies must follow "reasonable procedures to assure maximum possible accuracy of the information" contained in credit reports.[3]

---

[1] 15 U.S.C. § 1681 et seq.

[2] Texas Bus. & Com. Code § 17.41 et seq.

[3] 15 U.S.C. § 1681e(b).

3

According to the FTC, this duty extends only to the accuracy of information surrounding individual credit accounts on file with the credit reporting agency. The agency has no duty to seek out accounts whose information is only on file with other credit reporting agencies.[4] While the plaintiffs cite authority for the proposition that liability attaches for technically accurate but misleading information,[5] they have provided no authority or persuasive reasoning for the proposition that such a duty extends beyond the information currently within the files of a credit reporting agency.

It should be noted that Rent Roll is not a typical credit reporting agency, since it apparently does not maintain credit histories on individuals, but instead simply resells such credit histories that are obtainable from other credit reporting agencies that do maintain files on individuals. Of course, by reselling the information, Rent Roll becomes a credit reporting agency and must comply with the associated duties. We find no reason, however, to impose a greater duty on Rent Roll than that of the credit agencies whose data Rent Roll resells.

---

[4]See 6 FTC Consumer Credit Guide 63,162, at ¶ 25,250 (1994 & Supp.). According to the FTC, the FCRA
> does not require a consumer reporting agency to add new items of information to its file[,] . . . *nor is it required to add new lines of information about new accounts not reflected in an existing file*, because the [FCRA] permits the consumer to dispute only the completeness or accuracy of particular items of information in the file.

Id. (emphasis added). The FTC has the primary responsibility for administering, enforcing, and interpreting the FCRA. See 15 U.S.C. § 1681s(a)(1); 6 FTC Consumer Credit Guide 63,231, at ¶ 25,400 (1994).

[5]See, e.g., Pinner v. Schmidt, 805 F.2d 1258, 1262-63 (5th Cir. 1986).

4

Thus, we find no reason to require Rent Roll to report every credit account in an individual's credit history, even if Rent Roll is responsible for the accuracy of the information on file with the credit reporting agencies whose data Rent Roll resells and reports. Of course, if Rent Roll chooses to only resell data from credit reporting agencies that are meager sources of information, then Rent Roll's report may lack value to its customers. Nevertheless, we do not find that the FCRA requires any credit reporting agency to provide complete credit histories. Because there has been no allegation that Rent Roll's report was inaccurate with respect to the reported information, the plaintiffs' FCRA claim against Rent Roll fails.

The plaintiffs also allege on appeal that Oak Ridge violated the FCRA by failing to provide the plaintiffs with Rent Roll's address after denying the plaintiffs' application. Oak Ridge argues that Rent Roll failed to plead this claim. Regardless, the claim is without merit, since Oak Ridge provided the plaintiffs with Rent Roll's name and phone number, and the plaintiffs successfully contacted Rent Roll within 24 hours of obtaining such information. Such substantial compliance has been deemed sufficient under the FCRA.[6] For these reasons we AFFIRM summary judgment in favor of the defendants with regard to the FCRA claims.

With respect to the plaintiffs' DTPA claim against Rent Roll, the plaintiffs first must have been consumers with respect to Oak

---

[6] See Kiblen v. Pickle, 653 P.2d 1338, 1343 (Wash. App. 1982).

5

Ridge's purchase of Rent Roll's credit report. The DTPA defines consumer as one "who seeks or acquires by purchase or lease, any goods or services."[7] Second, the complaint must arise from the goods or services sought or acquired.[8] Importantly, however, the consumer need not have been a party to the transaction at issue,[9] so long as the transaction was not incidental to the goods or services which the consumer sought or acquired.[10]

The plaintiffs concede that they were seeking only to acquire an apartment lease and not a rental application or credit report. Thus, the question is whether the plaintiffs' DTPA claim against Rent Roll arises from a transaction that is only incidental to the leases which Oak Ridge provides and which the plaintiffs sought.

In their attempt to obtain a lease, the plaintiffs paid $30 to Oak Ridge to have their application processed. Oak Ridge used this money to purchase Rent Roll's credit report, which was for Oak Ridge's benefit insofar as it enabled them to assess the risk of renting to the plaintiffs. Moreover, the credit check fee was clearly only a small percentage of the total rent due on a year-long lease. In some cases, consumer status has been denied with respect to a transaction when that transaction was not for the benefit of the consumer and the costs associated with it are but a

---

[7] Tex. Bus. & Com. Code Ann. § 17.45(4) (Vernon Supp. 2000).

[8] See Clardy Mfg. Co. v. Marine Midland Bus. Loans, 88 F.3d 347, 356 (5th Cir. 1996).

[9] See Kennedy v. Sale, 689 S.W.2d 890, 893 (Tex. 1985).

[10] See Henry v. Cullum Cos., 891 S.W.2d 789, 795 (Tex. App. - Amarillo 1997, writ denied).

small percentage of the transaction in which consumer was directly involved.[11] These cases may be distinguishable from the current case because the plaintiffs in this case were required to pay for their own credit check, even if it was primarily for Oak Ridge's benefit, and the credit check was an actual hurdle to obtaining the lease and for that reason does not seem incidental to the plaintiffs' attempt to acquire a lease even if the application fee was minimal.[12]

Nevertheless, we express some doubt that Texas courts would consider the plaintiffs to be consumers of Rent Roll's credit check. We refrain from resolving the issue, however, because we instead find that even if the plaintiffs were consumers under the DTPA with respect to Oak Ridge's purchase of Rent Roll's report, there would be no DTPA violation.

While Texas might impose a greater duty on Rent Roll than that imposed under the FCRA, the plaintiffs have not provided any authority or cogent reasoning for such an extension. Moreover, requiring every credit reporting agency to report all information

---

[11] See, e.g., Insurance Co. of N. Am. v. Morris, 981 S.W.2d 667, 676 (Tex. 1998); Clardy, 88 F.3d at 356.

[12] In Morris, the consumers did not directly provide the funding for the "pre-screening" services at issue, nor were those services any kind of hurdle to obtaining the services which the consumers directly sought. See 981 S.W.2d at 676.
In Clardy the incidental transaction admittedly was a hurdle to completing the main transaction, since the main transaction was a loan and the incidental transaction was the loan processing service. See 88 F.3d at 356. Consumer status was denied, but that result is somewhat incomparable because as a matter of law, loans (unlike leases) are not goods or services under the DTPA. For that reason, the court held that loan processing services cannot be the basis for consumer status when the loan was the consumer's primary objective. See id. Because of the unique status of loans under the DTPA, Clardy may provides less guidance as to the circumstances in which leases or lease application processing services support consumer status under the DTPA.

7

that is only available through the purchase of credit reports from other credit reporting agencies is too onerous a burden to impose casually. The market may shun agencies whose reports are incomplete in this regard, but we find no basis to label the credit reporting industry's current practice of reporting only what is internally available as deceptive or misleading under Texas law.[13] For these reasons, we AFFIRM summary judgment in favor of Rent Roll on the plaintiffs' DTPA claim.

With regard to the plaintiffs' DTPA claim against Oak Ridge, it is clear that the plaintiffs were consumers with respect to an Oak Ridge lease, since they sought to acquire a lease. The plaintiffs allege that Oak Ridge denied their application in violation of criteria stated on Oak Ridge's lease application addendum. While Oak Ridge's purchase of a credit report from Rent Roll may have been incidental to the plaintiffs' attempt to obtain a lease, Oak Ridge's denial of the plaintiff's application was not.

Oak Ridge's rental criteria stated that "[t]he credit history will be reviewed and no more than **25%** of the total accounts reported can be over 60 days past due, or charged to collection in the past two (2) years." (Emphasis in original.) The credit

---

[13]Cf. Robinson v. Preston Chrysler-Plymouth, Inc., 633 S.W.2d 500, 502 (Tex. 1982). In Robinson, the Texas Supreme Court held that a failure to disclose claim under the DTPA could not be based on the failure to disclose facts that the defendant himself did not know. Id. at 502. The court in Robinson specifically limited its holding to failure to disclose claims, as opposed to claims based on misrepresentation and other misleading or deceptive practices. See id. Thus, the strict applicability of Robinson is debatable where, as here, Rent Roll has undertaken the duty to provide credit histories and either has, or was given, reason to know that the histories it provides are often incomplete. In such circumstances, the plaintiffs' claim that the practice is deceptive or misleading has some basis, albeit not for a failure to disclose claim.

8

history which Oak Ridge obtained included only three credit accounts, one of which was over 60 days past due, although the credit report does not say when that past due status existed. Thus, more than 25% of the accounts had been 60 days past due at some time.

The plaintiffs argue that Oak Ridge's rental criteria only allowed denials based on past due accounts when such status existed in the past two years. Oak Ridge argues that the time limitation only modifies the phrase "charged to collection," thus allowing Oak Ridge to base denials on past due accounts regardless of when the past due status existed. The plaintiffs counter that at best, the language is ambiguous and should be construed against Oak Ridge, the drafter.

Even if the criteria were ambiguous, we find that such an ambiguity does not rise to the level of a misrepresentation that is actionable under the DTPA.[14] Furthermore, we do not find that Oak Ridge's use of Rent Roll's credit report as a "credit history" violates the DTPA because it was incomplete, since that would impose a greater duty on consumers of credit reporting agencies than on the agencies themselves. Thus, we AFFIRM summary judgment in favor of Oak Ridge on the plaintiffs' DTPA claims.

III

---

[14] Cf. Quitta v. Fossati, 808 S.W.2d 636, 644-45 (Tex.App. - Corpus Christi 1991, writ denied).

The district court awarded attorney fees to the defendants based on a finding that the plaintiffs' DTPA claims were groundless.[15] We find, however, that the plaintiffs presented arguable DTPA claims against both defendants. With respect to Rent Roll, the consumer status of the plaintiffs is at least a debatable question even if the weight of authority is against such a finding, and with respect to Oak Ridge, the application criteria were not clearly defined. More importantly, with respect to both defendants, the scope of a duty to provide or consider a complete credit history under the DTPA was uncertain. Thus, the plaintiffs' claims were not groundless even if weak and in the end failing.

We also find no evidence that these claims were brought in bad faith or for the purposes of harassment. Indeed, it is clear why these claims were brought: Oak Ridge relied on an incomplete credit history in choosing to deny an apartment to the plaintiffs, and Oak Ridge persisted in its denial despite being informed by the plaintiff that the credit report was incomplete. Such business practices may be arbitrary and are undeniably frustrating, even if ultimately they create no liability under the DTPA. We therefore hold that the attorney fee awards under the DTPA were an abuse of discretion.

---

[15] See Tex. Bus. & Com. Code Ann. § 17.50(c) (allowing attorney fees for defendants for claims that are groundless, in bad faith, or brought for the purposes of harassment).

We therefore AFFIRM summary judgment on all claims for the defendants and REVERSE the attorney fee awards. We also DENY Oak Ridge's request for attorney fees on appeal.

AFFIRMED in part, REVERSED in part, and fee request DENIED.